UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0146-B |
| | § | |
| LEAH HAGEN (1) and MICHAEL HAGEN (2), | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's Motion for Leave to File Motion in Limine to Authenticate Records Pursuant to Federal Rules of Evidence 902(11) and 902(14) (Doc. 190) and the Government's Motion in Limine to Authenticate Records Pursuant to Federal Rules of Evidence 902(11) and 902(14) (Doc. 190-2). The motion for leave (Doc. 190) is **GRANTED**; thus, the Court considers the motion in limine (Doc. 190-2) below. It is likewise **GRANTED**.

The Government has filed a notice of its intent to offer evidence pursuant to Federal Rules of Evidence 902(11) and 902(14). *See generally* Doc. 186, Gov't's Notice. In its notice, the Government states that it intends to introduce groups of business records via affidavit or declaration, rather than via a live witness, under Rule 902(11) ("the Business Records Group"), and groups of data authenticated by digital identification, rather than by a live witness, under Rule 902(14) ("the Digital Records Group"). *Id.* at 1, 4. The Hagens responded to the Government's notice, objecting to the majority of the Government's proposed exhibits. *See* Doc. 187, Defs.' Objs., 1.

After the Court urged the parties to confer in good faith to reach an agreement as to the

authenticity of the Government's proposed exhibits, the Hagens stipulated to the authenticity of all the Government's proposed exhibits in the Business Records Group *except*: 200, 201–201A, 202–202A, and 204–204A. Doc. 201, Defs.' Resp., 1–2 & n.1; *see also* Doc. 186, Gov't's Am. Notice, 1–5. Moreover, the Hagens stipulated to the authenticity of all the Government's proposed exhibits in the Digital Records Group. Doc. 201, Defs.' Resp., 7–8. However, the Hagens stated that in conferring with the Government, the Government took the position that the Hagens' stipulation as to the authenticity of the Digital Records Group constitutes an admission that the exhibits in the Digital Records Group are ultimately admissible. *Id.* at 8. The Hagens seeks clarification from the Court that their stipulation as to the authenticity of the exhibits contained in the Business Records Group and the Digital Records Group does not foreclose them from raising admissibility arguments later. *Id.*

The Court heard oral argument on the Government's motion in limine at a hearing dated June 2, 2021, and it granted the Government's motion from the bench. This Order further explains the Court's reasoning.

## I.

## THE BUSINESS RECORDS GROUP

A business record may be authenticated by "a certification of the custodian or another qualified person" rather than by a live witness if it "meets the requirements of Rule 803(6)(A)–(C)[.]" Fed. R. Evid. 902(11). Rule 803 provides that an item is not hearsay if it is a "record of an act, event, condition, opinion, or diagnosis" that (A) "was made at or near the time by—or from information transmitted by—someone with knowledge;" (B) "was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for

profit;" and (C) "making the record was a regular practice of that activity[.]" Fed. R. Evid. 803(6)(A)–(C).

As stated above, the Hagens object to only proposed exhibits 200, 201–201A, 202–202A, and 204–204A from the Business Records Group. Doc. 201, Defs.' Resp., 1–2 & n.1. These exhibits are "records of claims data for Metro DME Supply, LLC and Ortho Pain Solutions, LLC provided by Qlarant Integrity Solutions, Aetna, Humana, and United Healthcare[.]" *Id.* at 3. The Hagens object to the authenticity of these exhibits on three grounds: (1) the affidavits do not describe the record-keeping process or otherwise indicate that the declarant has knowledge about the record-keeping process; (2) the affidavits are boilerplate and conclusory; and (3) the documents[1] appear to be prepared in anticipation of litigation and thus cannot be business records. Doc. 201, Defs.' Resp., 4–5, 7. For the reasons that follow, the Court **OVERRULES** both objections and finds that the exhibits at issue may be authenticated by the business-records affidavits provided.

First, the Hagens state that the affidavits are insufficient because they contain no description of the organizations' record-keeping processes or statement by the declarants that they have knowledge about the record-keeping processes. *Id.* The Hagens cite cases stating that a witness is qualified to introduce a business record only if that witness can explain the record-keeping system of the organization from which the record originates, and they argue that because the affidavits at issue do not establish that the declarants can explain said record-keeping systems, the affidavits are insufficient. *See id.* But the Hagens ignore that the affidavits each clearly state that the respective declarants are the *custodians* of the records the affidavits support. Indeed, a custodian of records is

---

[1] Argument at the hearing clarified that the Hagens refer primarily to the proposed exhibits from Qlarant Integrity Solutions in lodging this objection.

*per se* qualified to sponsor business records. *See United States v. Iredia*, 866 F.2d 114, 119–120 (5th Cir. 1989) (explaining that to admit a business record under Rule 803(6), the sponsoring witness "must be either *the custodian of the records* or a qualified witness[,]" and that a qualified witness is someone who can otherwise "explain the record keeping system" (emphasis added) (citation omitted)). And, in any event, the Fifth Circuit has clearly explained that "a party does *not* need to explain the record-keeping system of the organization[,] [and] [i]t is enough that the 803(6) requirements are certified" by the supporting business-record affidavit. *United States v. Towns*, 718 F.3d 404, 409 n.7 (5th Cir. 2013) (emphasis in original).

Second, the Hagens argue that the affidavits are insufficient because they are boilerplate and conclusory. Doc. 201, Defs.' Resp., 5. This objection is likewise **OVERRULED**. Even if the Hagens are correct that the affidavits are boilerplate and conclusory, the authority clearly supports that affidavits may simply track the elements of Rule 803(6). *See id.* at 409 ("A proper foundation is laid for business records simply by an affidavit that attests to the requisite elements of FRE 803(6)."); *Sheppard v. Liberty Mut. Ins. Co.*, 2017 WL 480601, at *4 (E.D. La. Feb 2, 2017) (finding affidavits that recited elements of Rule 803(6) satisfied Rule 902(11)); *JPMorgan Chase Bank, N.A. v. Classic Home Fin., Inc.*, 2012 WL 201533, at *5 (S.D. Tex. Jan. 23, 2012) (finding affidavit sufficient where declarant "aver[red] that she is a vice president of Plaintiff and, as part of that employment, is familiar with the [documents at issue]"); *Kast v. Greater New Orleans Expressway Comm'n*, 719 F. Supp. 2d 662, 668 n.55 (E.D. La. 2010) (finding affidavit from custodian of records stating "that based on her 'knowledge' the exhibits are 'true, and accurate' and 'kept in the ordinary course of business'" were "sufficient to satisfy the requirements set forth in Federal Rule of Evidence 803(6), 104(a) and 902(11) with regard to the admissibility and certification of business records").

The Hagens point to no authority stating that business-records affidavits under Rule 902(11) must contain more information than the affidavits at issue contain. And the Court is not persuaded by the Hagens' citation to *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985), which discusses the sufficiency of affidavits to support or defeat summary judgment and has no bearing on the requirements of Federal Rule of Evidence 902(11).

Finally, the Hagens argue that the exhibits purporting to be claims data from Qlarant Integrity Solutions appear to have been prepared in anticipation of litigation and thus cannot be business records. *See* Doc. 201, Defs.' Resp., 7. At the June 2 hearing, the Hagens asked the Court to require the Government to call an appropriate live witness to support these exhibits so that the Hagens can cross-examine such witness regarding the preparation of the exhibits. The Government confirmed at the hearing that an appropriate witness will be available at trial. Thus, this objection is **OVERRULED** as moot.

In sum, the Court **OVERRULES** the Hagens' objections to the authenticity of proposed exhibits 200, 201–201A, 202–202A, and 204–204A from the Business Records Group, and it will permit the Government to introduce these exhibits by business-records affidavit rather than by a live witness. The Court clarifies, however, that the Hagens remain free to raise available evidentiary objections to the exhibits.

## II.

## THE DIGITAL RECORDS GROUP

The Hagens stipulate that all the exhibits in the Digital Records Group "are authentic copies of the images on the computer from which they were downloaded." Doc. 201 Defs.' Resp., 7

(quotations omitted). The Hagens, however, raise a sole issue with respect to the Digital Records Group: According to the Hagens, "the Government has indicated that [the Hagens' stipulation to the Digital Records Group] also demonstrates that the exhibits are business records and . . . are deemed admitted." *Id.* at 8. The Hagens seek clarification from the Court that they are free to raise evidentiary objections to the Digital Records Group even though they have stipulated to their authenticity.

The Hagens are correct, and the Court so clarifies. A finding that exhibits may be introduced under Rule 902(14) does not preclude the opponent of the evidence from "object[ing] to admissibility of the proffered item on other grounds—including hearsay, relevance, or in criminal cases the right to confrontation." Fed. R. Evid. 902, advisory committee's note to the 2017 amendment. The Court **SUSTAINS** the Hagens' argument with respect to the Digital Records Group and permits the Government to introduce the exhibits in the Digital Records Group by affidavit. The Hagens, however, are permitted to later raise admissibility objections to the Digital Records Group.

### III.

### CONCLUSION

For the foregoing reasons, the Government's Motion for Leave to File Motion in Limine to Authenticate Records Pursuant to Federal Rules of Evidence 902(11) and 902(14) (Doc. 190) and the Government's Motion in Limine to Authenticate Records Pursuant to Federal Rules of Evidence 902(11) and 902(14) (Doc. 190-2) are **GRANTED**. The Court notes, however, that while it has clarified the Hagens' right to raise admissibility objections to any exhibit at issue in the pending motion, the Court admonishes the parties as follows: The Court expects that the *majority* of exhibits

in this case will be pre-admitted. That is, the Court expects the parties to reach agreement as to the admissibility of a large percentage of the exhibits, whether at issue in the pending motion or not.

Accordingly, the Court **ORDERS** the parties to confer in good faith by telephone in attempt to reach agreement on pre-admission of the exhibits in this case. Even if the parties have already conferred regarding pre-admission of exhibits and reached some agreement, the Court orders them to confer again in attempt to reach further agreement. As there are voluminous exhibits in this case, the Court strongly urges the parties to resolve evidentiary disputes among themselves so as to avoid delays in trial.

The parties shall file, on or before **June 18, 2021**, a joint notice enumerating the exhibits they have agreed to pre-admit.

**SO ORDERED.**

**SIGNED: June 3, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE