IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:19-cr-146-B (1) |
| LEAH HAGEN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**Background**

Defendant Leah Hagen has been found guilty by a jury of Conspiracy to Defraud the United States and to Pay and Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371 (42 U.S.C. § 1320(a)-7b(b)(1) and (2)), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). *See* Dkt. No. 282.

Under 18 U.S.C. § 3143(a)(1), United States District Judge Jane J. Boyle made a finding that the verdict of guilty constituted a change in circumstances that made it proper to revoke Defendant Leah Hagen's pretrial release and place her in the custody of the United States Marshals pending sentencing unless she can show by clear and convincing evidence that she is not a flight risk or a danger to the community.

Defendant has filed an Emergency Motion for Release from Detention Pending Sentencing, in which she explains that she and her husband and co-defendant Michgael Hagen

> should be released from detention pending sentencing pursuant to 18 U.S.C. § 3143 because clear and convincing evidence exists that they are

-1-

not likely to flee or pose a danger to the safety of any other person or the community if released.

The Hagens have been released pending trial, subject to certain conditions, for over two years – since their arrest on April 9, 2019. They have diligently complied with all their conditions of release at all times (including location monitoring and home confinement) and have had no incidents. They have surrendered their passports, and these passports remain in the possession of the Government. They have remained in the Northern District of Texas, and they have not once sought permission to travel outside the district. They have not had any encounter or incident with law enforcement. They have appeared at all Court proceedings as required. Their probation officer, Mr. Jaime Espinoza, has maintained constant contact with them at all times. The Hagens submit that Mr. Espinoza can verify and vouch for their compliance with all conditions of release to date, as well as the fact that they pose no risk of flight or danger to the community. In sum, the Hagens have not been subject to detention for over two years, leading to no incident. The Hagens' compliance over these past two years conclusively establishes that they pose no risk of flight or danger to the community and should be released pending sentencing. Moreover, they are husband and wife, are the only ones maintaining their home in Arlington, Texas, and need to make arrangements for their affairs pending sentencing.

….

Clear and convincing evidence exists that the Hagens do not pose any risk of flight. They have surrendered their passports. They are long-time residents of Arlington, Texas, have cultivated significant ties to Arlington, and have no willingness to leave behind their home and friends. They have no prior criminal history. They are also willing to comply with any reasonable condition this Court deems is necessary to assure their future appearances, including continued location monitoring and home confinement. Their assets can be identified. No risk of flight exists.

Clear and convincing evidence also exists that the Hagens do not pose a danger to the safety of others. When the Government previously moved to detain the Hagens pending trial, it did not contend that they posed a danger to the community. Since then, Hagens have not engaged in any acts of violence and or other conduct that poses a danger to the safety of others. The Hagens have been convicted of conspiracy to defraud and to commit money laundering, which are non-violent crimes. Moreover, their durable medical equipment business remains closed. No risk to the safety of the community exists.

The release of defendants pending sentencing on charges related to health care fraud is routinely granted. For example, all seven defendants convicted in the Forest Park Medical Center healthcare fraud were released by this Court (Rutherford, Mag. J.) pending their sentencings, even though the charges were related to a $200 million health care scheme and defendants faced much more significant sentences – ranging from 5 to 65 years. Moreover, those defendants had access to extensive financial resources (including overseas accounts and personal aircraft) and three of the defendants had ties to foreign countries. The Court released the defendants and, although it restricted their travel to Texas (or certain districts thereof), the defendants remained free and were not subject to location monitoring, home detention, home incarceration, or curfew. *See United States v. Burt*, No. 3:16-cr-00516-JJZ(04), Doc. 1107 (N.D. Tex.) (releasing Wilton McPherson Burt without home detention or location monitoring, even though he faced a sentence of up to 65 years and the Government emphasized his ties to Costa Rica, where he resided prior to his indictment); *United States v. Jacob*, No. 3:16-cr-00516-JJZ(08), Doc. 1108 (N.D. Tex.) (releasing Jackson Jacob without home detention or location monitoring, even though he was born in India and his mother remained there); *United States v. Won*, No. 3:16-cr-00516-JJZ(09), Doc. 1109 at 3 (N.D. Tex.) (releasing Douglas Won without home detention or location monitoring despite his ties to South Korea, his country of origin, and evidence that he "has traveled to South Korea in the past, has business connections there, and may have had assets in foreign bank accounts."). Moreover, these defendants were permitted to travel outside this district. *See Burt*, No. 3:16-cr-00516-JJZ(04), Doc. 1125; *Jacob*, No. 3:16-cr-00516-JJZ(08), Doc. 1137; Won, No. 3:16-cr-00516-JJZ(09), Doc. 1140. Here, the circumstances warranting release are even more compelling, given the Hagens' compliance with their conditions of release for over two years, without incident.

Although detention is not warranted, the Hagens will comply with all conditions and restrictions imposed by the Court.

….

Clear and convincing evidence supports releasing the Hagens pending sentencing. In assessing whether the Hagens should be released pending trial, the Court previously considered the factors under 18 U.S.C. § 3142(g) and found that they should be released subject to certain conditions. Release is even more strongly warranted now: if anything, the Hagens' ties to the community in the Dallas-Ft. Worth area are now stronger, they have surrendered their passports, and they have

demonstrated their ability to comply with their conditions of release and appear at all court proceedings.

Dkt. No. 277 at 1-2, 3-5.

Judge Boyle referred this motion to the undersigned magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 279.

The government opposes release pending sentencing.

Defendant is now set for sentencing before Judge Boyle on October 21, 2021. *See* Dkt. No. 283.

Defendant's supervising pretrial services officer has reported to the Court that Defendant has been compliant with her conditions of release and that the officer has not received information to cause him to believe that Defendant poses a risk of nonappearance or a danger to another person or the community.

The Court held a hearing on the motion on July 9, 2021, at which Defendant appeared in person and through counsel and the government's counsel appeared.

**Legal Standards**

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). "A convicted defendant has no constitutional right to

bail. Thus, as the parties acknowledge, any putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *United States v. Obis*, 450 F.3d 583, 585 (5th Cir. 2006) (citations and internal quotation marks omitted).

Release of "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" pursuant to Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

Absent such a finding – which requires the defendant's release under 18 U.S.C. § 3142(b) or (c) – the convicted defendant "shall ... be detained" while "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(1) ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty

of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."); *accord United States v. Abdullah*, No. 01-11219, 281 F.3d 1279 (table), 2001 WL 1692455, at *1 (5th Cir. Nov. 26, 2001).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she is not a flight risk or a danger to the community. *See* FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Locket*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013). And another Court of Appeals has explained that "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," and that "[only if a defendant clears these high procedural hurdles is he entitled to release pending

-6-

sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). "Among factors the district court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release." *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988)).

**Analysis**

Consistent with Judge Boyle's decision after the jury verdict, courts routinely discount compliance with pretrial release conditions when deciding on presentencing release because "'[s]omething has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee.'" *United States v. Adenuga*, No. 3:12-cr-313-P, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014) (quoting *United States v. Jinwright*, No. 3:09-cr-67-W, 2010 WL 2926084 (W.D.N.C. July 23, 2010)). "This change in legal status removes the possibility that the defendant might avoid criminal punishment – subject to appeal – which increases his incentive to flee." *United States v. Patel*, No. CR 13-286, 2016 WL 80566, at *2 (E.D. La. Jan. 7, 2016) (citing *United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989), as "concluding that once a defendant has been convicted '[t]he hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction'").

The fact, then, that Defendant complied with the terms of her pretrial release does not, in and of itself, clearly and convincingly show that Defendant is not a flight risk post-conviction, even though Defendant has appeared for court and remained compliant on release. And proving by clear and convincing evidence that she is not likely to flee or pose a danger to the community if released, after having been convicted, is a heavy burden.

But, for the reasons that the Court explained at the hearing, it is a burden that the Court finds that Defendant has met it. Defendant is a United States citizen, currently has no passport or other international travel document or history of failing to appear for court, and has an incentive to stay in place and work with her attorneys to prepare for sentencing and to get her affairs in order, including planning for life after incarceration. There is no evidence of her committing additional criminal or dangerous conduct while on release, and, although the government raises the same concerns regarding international flight and foreign asserts that it did at the April 2019 detention hearing, Defendant has not requested to leave the district, much less attempted to leave the country, since her release over 27 months ago.

In short, for the reasons explained in Defendant's motion and at the hearing, the Court finds that Defendant has shown by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c), and, more specifically, on her existing conditions

of release set by the Court's April 11, 2019 Order Setting Conditions of Release [Dkt. No. 24] with the additional condition that

> Defendant must submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided and that Defendant is subject to the location restriction program – and must comply with its requirements as directed – of home incarceration, under which she is restricted to 24-hour-a-day lock-down at her residence, except for medical necessities and medical appointments, attorney visits, and court appearances, and any other activities that may later be specifically approved in advance by the court or pretrial services.

The Court finds that, with this additional, more restrictive condition – even considering the incentives that otherwise follow from a guilty verdict to flee or fail to appear for sentencing – the evidence clearly and convincingly establishes that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released on conditions pending sentencing.

## Conclusion

For these reasons, the Court GRANTS Defendant Leah Hagen's Emergency Motion for Release from Detention Pending Sentencing [Dkt. No. 277].

SO ORDERED.

DATED: July 9, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE